Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel (907) 278-1212
Fax (907) 278-1213
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| Miranda Ditullio, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT FOR DAMAGES** |
| ) | |
| Josef F. Boehm, Bambi Tyree, ) | |
| Allen k. Bolling and LeslieWilliams, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. |

**COMES NOW**, the Plaintiff, by and through undersigned Counsel, who for her complaint states and alleges:

### NATURE OF ACTION

1. This is an action for the violation of Plaintiff's basic civil rights, including, but not limited to the Defendants' actions in willfully and knowingly engaging in individual action and a conspiracy aimed at sexual trafficking of a minor, the distribution of a controlled substance to a minor, controlling a place for the distribution and providing controlled substances to a minor, the involuntary servitude of a minor and performing multiple sexual acts and abuse on a minor when incapacitated and under the influence of crack cocaine.

### JURISDICTION

2. To the extent defendants conspired to deprive plaintiff of rights protected by the 13th Amendment of the U.S. Constitution this Court's federal question jurisdiction is invoked under 42 U.S.C. § 1985.

3. To the extent defendants conspired or individually violated 18 U.S.C. § 1591; jurisdiction is invoked pursuant to 18 U.S.C. § 1595 which statute gives a private right of action for civil damages.

4. To the extent defendants conspired or individually violated 18 U.S.C. § 371 and 21 U.S.C. §§ 846, 841, & 859, jurisdiction of the court if invoked under 28 U.S.C. § 1331.

5. To the extent any State law claims are asserted or could be asserted from the facts stated herein, plaintiff asks this court to exercise its pendant jurisdiction over those State law claims.

## PARTIES

6. Plaintiff, Miranda Ditullio, is a resident of the State of Alaska, Third Judicial District, at Anchorage.

7. Defendant Josef F. Boehm, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at Anchorage, Alaska.

8. Defendant Bambi Tyree, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at Anchorage, Alaska.

9. Defendant Bolling, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at Anchorage, Alaska.

10. Defendant Williams, at all times relevant, was a resident of the State of Alaska, Third Judicial District, at Anchorage, Alaska.

## FACTUAL BACKGROUND

11. In or about March 2003 until on or about December 2003 when Plaintiff was a minor under the age of 16 years, defendants did knowingly recruit and entice plaintiff to engage in commercial sex acts.

12. In or about March 2003 until on or about December 2003 when Plaintiff was a minor under the age of 16 years, defendant Josef F. Boehm, did knowingly engage in sexual penetration with plaintiff.

13. In or about March 2003 until on or about December 2003 when Plaintiff was a minor under the age of 16 years, defendants did encourage plaintiff to engage in sexual penetration with other persons.

14. In or about March 2003 and continuing until about December 2003, when Plaintiff was a minor under the age of 18, defendants did knowingly recruit and entice plaintiff to engage in commercial sex acts.

15. In or about March 2003 and continuing until about December 2003, when Plaintiff was a minor under the age of 18, defendant Josef F. Boehm did knowingly engage in sexual penetration with plaintiff without her consent, while she was incapacitated and did not know a sexual act was being committed against her.

16. Defendants conspired to provide plaintiff with cocaine, cocaine base, and other illegal substances with the intent of getting plaintiff addicted to drugs so they could control her and keep her within their grasp through threat of force and severe psychological coercion. In providing illegal substances to the plaintiff, defendants violated 21 U.S.C §§ 846, 841 and 859.

17. Defendants furthered their conspiracy by using illegal substances and coercion to control the plaintiff and to have sex with the plaintiff and to coerce the plaintiff into having sex with defendant, Josef Boehm, and others at his place of residence, his condominium, and in various hotels, all of which was a violation of 18 U.S.C. § 371.

18. It was part of the conspiracy for defendants to make cocaine and other illegal substances available to minors, including the plaintiff, so that defendant, Josef Boehm could have sex with minors, including the plaintiff.

19. Defendant, Bambi Tyree would find drug dealers to supply defendant Josef Boehm with drugs he could use to entice and then place minors, including the plaintiff, under his control.

20. As part of the conspiracy defendants Bolling and Williams would supply Boehm with illegal substances, including cocaine, crack cocaine, and cocaine base that had been transported to Alaska with money Boehm received from his ownership and operation of Alaska Industrial Hardware.

21. As part of the conspiracy, Boehm, Tyree, Bolling & Williams knowingly recruited, enticed, harbored, transported provided and obtained minors, including plaintiff, to coerce and or force them into performing commercial sex acts in violation of 18 U.S.C. § 1591.

## FIRST CAUSE OF ACTION
(Violation of Civil Rights)

22. Plaintiff restates and incorporates all proceeding paragraphs of this complaint into this first cause of action and further complains and alleges.

23. During the time she was used in the defendant's conspiracy, the plaintiff was forced through coercion and intimidation to labor directly for Josef Boehm and other members of the conspiracy by way of performing commercial sex acts and other sexual acts. Plaintiff was forced to provide sex to Josef Boehm and at times, with Josef Boehm's knowledge, was so strongly under the influence of illegal substances provided by defendants that she was incapacitated, could not render her consent and did not have knowledge of defendant Boehm's assault upon her.

24. The plaintiff labored and endured Boehm's verbal, physical and sexual attacks because her will was completely overborne through the use of coercion, force, and illegal substances provided by the defendants, which substances were provided with the intent of overriding plaintiff's will.

25. Defendants deliberately induced in the plaintiff a certain state of mind with the intent to actively exploit the plaintiff

26. The plaintiff was thus held in a condition of involuntary servitude from approximately March 2003 through December 2003.

27. To hold the plaintiff in such a condition is prohibited by the Thirteenth Amendment to the United States Constitution, as well as 18 U.S.C. § 1591, and constitutes a violation of plaintiff's civil rights.

28. All of the defendants' conduct resulted in the injuries to the plaintiff for which she is entitled to recover in an amount in excess of $ 5,000,000 (Five Million Dollars) collectively for all counts in this complaint with the exact amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

(Sexual Trafficking of a Minor)

29. Plaintiff restates and incorporates all preceding paragraphs of this complaint into this second cause of action and further complains and alleges.

30. Josef Boehm and other defendant have plead guilty to conspiring to provide crack cocaine to minors, including plaintiff and admitted to conspiring to commit the crime of sex trafficking of children in violation of 18 U.S.C. § 1591.

31. Under 18 U.S.C. § 1595, plaintiff has a right to actual damages, both economic and non-economic and to actual attorney fees and costs incurred as a result of the violation of 18 U.S.C. § 1591.

32. Plaintiff claims damages in an amount in excess of $ 5,000,000 (Five Million Dollars) collectively for all counts in this complaint with the exact amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION
(Distribution of a Controlled Substance to a Minor)

33. Plaintiff restates and incorporates all proceedings paragraphs of this complaint into this third cause of action and further complains and alleges.

34. Josef Boehm and other defendants have pled guilty to conspiring to provide crack cocaine to minors, including the plaintiff.

35. As a result of defendants' conduct, plaintiff was addicted to illegal substances and plaintiff suffered both economic and non- economic losses.

36. Plaintiff claims damages in an amount in excess of $ 5,000,000 (Five Million Dollars) collectively for all counts in this complaint with the exact amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION
(Sexual Assault of A Minor)

37. Plaintiff restates and incorporates all preceding paragraphs of this complaint into this fourth cause of action and further complains and alleges.

38. When Plaintiff was a minor under the age of 16 years, defendant Josef F. Boehm, did knowingly engage in sexual penetration with plaintiff.

39. When Plaintiff was a minor under the age of 16 years, defendants did encourage plaintiff to engage in sexual penetration with other persons.

40. When Plaintiff was a minor under the age of 18, defendant Josef F. Boehm did knowingly engage in sexual penetration with plaintiff without her consent, while she was incapacitated and did not know a sexual act was being committed against her.

## **FIFTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

41. Plaintiff restates and incorporates all preceding paragraphs of this complaint into this fourth cause of action and further complains and alleges.

42. During the period in which she was controlled and coerced by the defendant, the plaintiff was systematically subjected to a variety of extreme, outrageous practices by the defendant, which was designed to cause her severe emotional distress. These practices included, but were not limited to subjecting her to sexual acts with Josef Boehm and others, use of controlled substances, and being made to suffer extreme humiliation and assaults upon her person.

43. Plaintiff was subjected to coercion, control and confinement through mental coercion and force.

44. Defendant forced the plaintiff to adhere to a regimen of drug use, and of being subjected to sexual exploitation all of which had a mentally debilitating effect upon the plaintiff, leaving her confused, demoralized and unable to clearly think or reason.

45. Knowingly and intentionally subjecting the plaintiff to the aforementioned was, by design, intended to undermine and eventfully completely destroy the plaintiff's self-respect, self-esteem and that concept of self and self-worth so the defendants could control the plaintiff.

46. All of the acts of the defendant described were carried out by the defendant without privilege, jurisdiction or the consent of the plaintiff.

47. The defendant conduct was willful, wanton, extreme and outrageous, and was carried out by the defendant with a corrupt motive, for the purpose of causing the plaintiff extreme mental and emotional distress.

48. The defendant conduct did, in fact, cause the plaintiff extreme metal and emotional distress and anguish, and physical harm resulting from the emotional distress.

49. As a direct, proximate and foreseeable consequence of the defendants acts the plaintiff has suffered severe emotional and psychological injury the extent of which will be proven at the time of trial.

## SIXTH CAUSE OF ACTION
### (Punitive Damages)

50. Plaintiff restates and incorporates all preceding paragraphs of this complaint into this fifth cause of action and further complains and alleges.

51. Defendant intentionally sought to control and coerce the plaintiff and intentionally subjected the plaintiff to a variety of extreme, outrageous practices. These practices included, but were not limited to subject her to sexual acts with Josef Boehm and others, use of controlled substances for purposes of control, and being made to suffer extreme humiliation and assaults upon her person.

52. Defendants, each of them, knowingly and intentionally subjected the plaintiff to the aforementioned by design, intending to undermine and eventually completely destroy the plaintiff's self-respect, self-esteem and that concept of self and self-worth so the defendant could control the plaintiff.

53. Defendant conduct was outrageous and extreme and punitive damages must be assessed against the defendant based upon their individual participation in an amount of at least four times the amount of compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendant, As follows:

1. An award of compensatory damages for both economic and non-economic loss in an amount in excess of $ 5,000,000.00 with the exact amount to be proven at the time of trial.

2. An award of punitive damages in an amount equal to four times the amount of compensatory damages.

3. An award of prejudgment interest, and actual costs and attorney fees incurred in prosecuting this action.

4. Such other relief, whether similar or different than the relief prayed for herein and to which plaintiff may otherwise be entitled.

DATED this 11th day of May 2009.

Darryl L. Jones, Esq.
Attorney for Plaintiff
ABA No: 8811188