Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Miranda Ditullio, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Josef F. Boehm, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) Case No. 3:09-CV-00113-JWS |

**MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

    This is an action by Miranda Ditullio ("Miranda") against defendant,
Josef Boehm ("Boehm") for damages arising out his providing her with
cocaine, cocaine base, and other illegal substances with the intent of
getting Miranda addicted to drugs so he could control her and keep her
within his grasp through threat of force and severe psychological coercion
and then have sex with her.   In providing illegal substances to Miranda,
Boehm intentionally engaged in sex trafficking under 18 U.S.C. § 1591
and is liable to Miranda for any damages incurred by her whether such
damages are economic or non-economic in nature.  Because there are no
material issues of fact in dispute as to Boehm's liability, Miranda moves

**LAW OFFICE OF
DARRYL L.
JONES**
————
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

1

for partial summary judgment, seeking entry of judgment as to liability. Liability is also sought for punitive damages because Boehm's conduct was outrageous as a matter of law.

**A.    Standard on Summary Judgment.**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the evidence which demonstrates the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On an issue as to which the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out, that there is an absence of evidence to support the nonmoving party's case. See id.

If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1956); Fed.R.Civ.P. 56(e). Statements of counsel in a memorandum, and unsupported allegations of fact are insufficient to defeat a motion for summary judgment. See Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981). The

**LAW OFFICE OF DARRYL L. JONES**

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

2

evidence presented by the parties must be admissible. Fed.R.Civ.P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See, Falls Riverway Realty, Inc. v. Niagara Falls, 754 F.2d 49, 56 (2d Cir. 1995); Thornhill Pub. Co,, Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir.1979).

**B.    Statement of Facts**

Beginning in 2001 and continuing through December 2003, Boehm and others agreed to distribute cocaine and cocaine base to persons under 21 years of age. Exhibit 1, Plea Agreement, p. 23. Boehm and others did in fact distribute cocaine and cocaine base to persons under 21 years of age. Id., pp. 23-24. Boehm personally distributed between 50 and 150 grams of cocaine base that he purchased from others to persons that Boehm knew were under the age of 21 years. Id

During the period that Boehm was buying and distributing cocaine and cocaine base to juveniles, Boehm conspired with others to recruit persons under 18 to engage in sexual acts. Exhibit 1, p. 24. These juveniles were recruited by offering them cocaine, which was manufactured outside Alaska and effected interstate commerce. Id. A victim known as "M.D." was one of the juveniles recruited, and Miranda is the individual known as M.D. Exhibit 1, p. 24-25, See also Affidavit of Miranda Ditullio.

**LAW OFFICE OF DARRYL L. JONES**
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

3

Miranda first met Josef Boehm in the fall of 2002 when she was 15 years of age. <u>Affidavit of Miranda Ditullio</u>. She met him at his house in Anchorage. <u>Id</u>. Miranda says that Boehm knew her age at the time, because she told him and he told her he liked young girls. He also told her that she reminded him of his daughter. <u>Id</u>.

Beginning with their initial meeting, Boehm provided crack cocaine that he and Miranda smoked together. <u>Id</u>. Consistent with his *modus operandi*, Boehm would keep Miranda high for days, and he would have sex with her when she was high and even when she was asleep. She knew this because when she would awaken, Boehm would be on top of her having sex with her. <u>Id</u>.

Boehm not only demanded that Miranda perform sexual acts on him and but he demanded that she do so with others so he could watch. Boehm supplied her with an endless supply of drugs and once she was addicted, he would offer drugs only if she would perform sexual acts on demand. <u>Id</u>.

In the plea agreement, entered into between Boehm and the U.S. Government, Boehm agreed that he was charged with one count of a conspiracy to commit the crime of sex trafficking of child in violation of 18 U.S.C. §§ 371 and 1591(a)(1); eight counts of sex trafficking in violation of 18 U.S.C. § 1591(a)(1) and (b)(2); one count of conspiracy to distribute a controlled substance to person under 21 years of age and conspiracy to distribute controlled substances in violation of 21 U.S.C. §§

**LAW OFFICE OF DARRYL L. JONES**

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

4

846, 841 (a)(1) (b)(1)||(A), and 859(a).  In entering into this plea agreement, Boehm admitted "he conspired with others to knowingly recruit, entice, and obtain females he knew were under the age of 18 to engage in commercial sex acts with him and others.  <u>Exhibit 1</u>.  In the plea agreement, Boehm stipulated to the truth of the following set of facts:

1.  Boehm entered into a conspiracy to distribute cocaine to persons under 21 years of age, including the plaintiff.  <u>Exhibit 1</u>, p. 23.

2.  Boehm did in fact distribute cocaine to persons under 21 years of age, including the plaintiff.  <u>Exhibit 1</u>, p. 24.

3.  Boehm conspired to recruit persons under 18 years of age to engage in commercial sex acts.  <u>Exhibit 1</u>, p. 24.

4.  Boehm distributed cocaine to juveniles in exchange for sexual acts. <u>Id</u>.

5.  Juveniles were knowingly and intentionally recruited by Boehm to engage in sexual acts, including plaintiff.  <u>Exhibit 1</u>, p. 25.

6.  Plaintiff had sex with Boehm and received money and illegal drugs from Boehm, and Boehm knew the ages of the juveniles at the time they recruited them.  <u>Id</u>.

On page 27 of the plea agreement, Boehm stated that "I am admitting that the allegations against me contained in the factual basis for the pleas are true." <u>Exhibit 1</u>, p. 27.

**LAW OFFICE OF DARRYL L. JONES**

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

5

On page 32 of the plea agreement, Boehm stated that; "I have read this plea agreement carefully, and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea." Exhibit 1, p. 32.

**C.    Plaintiff is entitled to summary judgment on liability**.

Title 18 U.S.C. § 1595 provides a civil remedy for victims of the crime of sex trafficking of children. This includes victims of offenses committed under 18 U.S.C. § 1591. Under section 1595, the Federal District Court has jurisdiction of the action, and the plaintiff is entitled damages, and actual, reasonable attorney fees and costs incurred in the prosecution of the civil action. Id.

Plaintiff has sued under 18 U.S.C. § 1595. The facts necessary to recover under this civil action are conclusively established by the plea agreement and the facts established in the corresponding criminal action. Indeed, Boehm pled guilty and he has admitted, or stipulated to all of the material facts necessary to the establishment of liability under the § 1595.

In Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-33 (1979), the Supreme Court approved of the offensive use of collateral estoppel by permitting a plaintiff to preclude a defendant from relitigating an issue that was decided in a prior suit between the same defendant and a different plaintiff. This use of collateral estoppel as a "sword" rather than

**LAW OFFICE OF
DARRYL L.
JONES**
———
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

6

merely as a "shield" was a radical departure from the traditional mutuality rule.

Parklane involved a shareholder's class action alleging that the defendant had issued a false proxy statement. Id., at 324. Before the suit was tried, the Securities and Exchange Commission (SEC) filed and won a suit against the defendant based on the same allegations. Id., at 324-25. The plaintiff in Parklane sought to use the verdict from the case to estop defendant from relitigating the issue of the falsity of the proxy statement. The district court denied plaintiff's motion to apply collateral estoppel on the ground that such application would deny defendants their Seventh Amendment right to a jury trial. Id., at 325. The Court of Appeals for the Second Circuit reversed, holding that a party's opportunity to litigate an issue in a nonjury trial fully and fairly estops him from relitigating the issue in a subsequent jury trial. Id. The Supreme Court held that offensive, non-mutual estoppel is permissible and affirmed the Second Circuit. Id., at 331-33. The Court reached the conclusion that the use of offensive collateral estoppel would not violate the Seventh Amendment right to a jury trial, regardless of whether there was a jury trial in the first action, as long as the party was given a full and fair opportunity to litigate the issues in the first action. Id., at 333-37.

Prior to Parklane, the Supreme Court of the United States held that "a guilty plea is an admission of all the elements of a formal criminal

LAW OFFICE OF
DARRYL L.
JONES
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

7

charge." <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969); <u>See</u> <u>Menna v. New York</u>, 423 U.S. 61, 62 n.2 (1975) (per curium) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."). For purposes of collateral estoppel, a federal conviction following a guilty plea "is as much a conviction as a conviction following jury trial." <u>Gray v. Commissioner</u>, 708 F.2d 243, 246 (6th Cir. 1983), <u>cert. denied</u>, 466 U.S. 927 (1984). Therefore, a federal guilty plea and ensuing conviction collaterally estop a litigant from relitigating in a federal civil proceeding any material facts or elements necessarily established by the plea. <u>See</u> <u>United States v. Wight</u>, 839 F.2d 193, 195 (4th Cir. 1987) (guilty plea to accepting gratuities estops ex-official in later civil suit to recover gratuity amounts); <u>Gray</u>, 708 F.2d at 246 (guilty plea to federal income tax evasion establishes fraud in subsequent civil tax fraud proceeding); <u>In re Raiford</u>, 695 F.2d 521, 523-524 (11th Cir. 1983) (guilty plea to bankruptcy fraud bars relitigation of factual issues in bankruptcy proceeding); <u>Fontneau v. United States</u>, 654 F.2d 8, 10 (1st Cir. 1981) (guilty plea and conviction for federal income tax evasion has preclusive effect in civil suit); <u>Ivers v. United States</u>, 581 F.2d 1362, 1367 (9th Cir. 1978) (facts necessarily determined by conviction based on guilty plea cannot be relitigated in forfeiture proceeding); <u>United States v. Podell</u>, 572 F.2d 31, 35 (2d Cir. 1978) ("It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the

LAW OFFICE OF
DARRYL L.
JONES

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

8

United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case."); <u>Brazzell v. Adams</u>, 493 F.2d 489, 490 (5th Cir. 1974) (guilty plea to selling heroin estops prisoner from arguing, in action under 42 U.S.C. 1983, that he engaged in transaction with the belief that he was assisting state agents); <u>Plunkett v. Commissioner</u>, 465 F.2d 299, 305-306 (7th Cir. 1972) (convictions for tax evasion pursuant to guilty plea collaterally estops defendant from denying fraud in civil tax fraud proceedings).

A guilty plea constitutes an admission to the truth of all the material facts alleged in the indictment. <u>United States v. Matrecios</u>, 618 F.2d 81, 83-84 (9th Cir. 1980). It is settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit. <u>United States v. Section 18</u>, 976 F.2d 515, 519 (9th Cir. 1992); <u>See also</u> <u>United States v. $ 31,697.59 Cash</u>, 665 F.2d 903, 904 (9th Cir. 1982); <u>United States v. Bejar-Matrecios</u>, 618 F.2d 81, 83-84 (9th Cir. 1980); <u>Ivers v. United States</u>, 581 F.2d 1362, 1367 (9th Cir. 1978).

The elements necessary to recover under 18 U.S.C. § 1595 are that plaintiff be a victim of a violation of either 18 U.S.C. §§ 1589, 1590 or 1591. <u>See</u> 18 U.S.C. § 1595(a). All plaintiff need do, to be entitled to recovery, is show that she was a victim of one of those offenses listed in subsection (a) of Section 1595. A violation of Section 1591 is shown if it can be shown that Boehm and his co-conspirators knowingly, while affecting interstate commerce, recruited and enticed a person under the

**LAW OFFICE OF DARRYL L. JONES**

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

9

age of 18 years to engage in commercial sexual acts.  <u>See</u>  18 U.S.C. § 1591.

In entering into his plea agreement, Boehm admitted "that he conspired with others to knowingly recruit, entice, and obtain females that he knew were under the age of 18 to engage in commercial sex acts with himself and others." <u>Exhibit 1</u>, Plea Agreement, p. 6.  Thus, Boehm has admitted to a violation of Section 1591, and plaintiff is therefore entitled to recover under Section 1595.

<u>D.  Liability for Punitive Damages</u>.

Punitive damages are available in a federal cause of action against an individual who engaged intentional conduct warranting an award of such damages. <u>See</u>  <u>Carroll v. Bristol Twp</u>., 827 F. Supp. 332, 335 (E.D. Pa. 1993) (<u>citing</u> <u>City of Newport</u>, 453 U.S. 247 at 267, 101 S. Ct. 2748, 69 L. Ed. 2d 616); <u>see also</u>  <u>Carey v. Piphus</u>, 435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978).  In order to obtain such damages, a plaintiff must allege conduct that is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.  Punitive damages are available if the defendant's conduct was merely reckless or callous.  <u>Savarese v. Agriss</u>, 883 F.2d 1194, 1204 (3d Cir. 1989) (<u>citing</u> <u>Smith v. Wade</u>, 461 U.S. 30, 56, 75 L. Ed. 2d 632, 103 S. Ct. 1625 (1983)); <u>see also</u> <u>Keenan v. City of Phila</u>., 983 F.2d 459, 470 (3d Cir.1992); Enticing a child to engage in sexual acts is intentional, outrageous and evil conduct as a matter of law.  <u>Angie M. v. Superior</u>

**LAW OFFICE OF DARRYL L. JONES**

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

10

<u>Court</u>, 44 Cal. Rptr. 2d 197, 204 (Calif. App. 4th 1995). Moreover, if the elements of the offense pled to include conduct which by its very nature is outrageous, reckless, or deliberately indifferent to the rights of others, liability for punitive damages is established as a matter of law. <u>See</u> <u>Lamb v. Anderson</u>, 147 P.3d 736 (Alaska 2006) (the State Supreme Court held that in a suit for damages arising from an injury accident, collateral estoppel applied and liability for punitive damages would attach as a matter of law. The Court concluded that the conviction is conclusive evidence of recklessness for purposes of punitive damages). Punitive damages are appropriate when the defendants' conduct is motivated by evil intent or when it involves reckless or callous indifference to rights of others. <u>Smith v. Wade</u>, 461 U.S. at 56. Enticing a minor to engage in sexual acts, and using illegal drugs such as cocaine and cocaine base to entice that minor is reckless and outrageous conduct with evil intent as a matter of law. Because Boehm has admitted to this conduct in his plea agreement, and because he is judicially estopped from denying this conduct, plaintiff is entitled to summary judgment as to Boehm's liability for punitive damages.

**LAW OFFICE OF
DARRYL L.
JONES**

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

11

## <u>CONCLUSION</u>

There are no issues of material fact in dispute as to Boehm's liability for both compensatory and punitive damages. Accordingly, summary judgment on liability should be entered in favor of the plaintiff.

DATED this 13th day of January 2010.

_____/s_____
Darryl L. Jones, Esq.
Attorney for Plaintiff
ABA No: 8811188

**LAW OFFICE OF DARRYL L. JONES**
———
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213