UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MIRANDA DITULLIO, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-0113 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| JOSEF F. BOEHM, | ) | [Re:   Motions at Dockets 21 and 54] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 21, plaintiff Miranda Ditullio moves for partial summary judgment seeking to establish defendant Josef Boehm's liability for compensatory and punitive damages pursuant to Federal Rule of Civil Procedure 56.  At docket 32, Boehm opposes the motion.  Ditullio replies at docket 38.  At docket 54, Boehm moves to strike Ditullio's affidavit in support of her motion for partial summary judgment.  At docket 58, Ditullio opposes the motion.  Oral argument was not requested on either motion, and it would not assist the court.

## II.  BACKGROUND

Josef Boehm was charged in a Fourth Superseding Indictment with conspiracy to commit the crime of sex trafficking of children in violation of 18 U.S.C. §§ 371 and 1591(a)(1) (Count 1); sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Counts 2-9); conspiracy to distribute over 50 grams of cocaine base to persons under 21 years of age and conspiracy to distribute over 50 grams of cocaine

base in violation of 21 U.S.C. §§ 846, 841(a)(1)(A), and 859(a) (Count 10); controlling a place for the distribution and use of controlled substances in violation of 21 U.S.C. § 856(a)(2) (Count 11); distribution of a controlled substance to a pregnant individual in violation of 21 U.S.C. §§ 861(f) and 841(b)(1)(C) (Count 12); possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 13); unlawful user in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 14); and, criminal forfeiture in violation of 21 U.S.C. § 853(a)(2) (Counts 15-16).  On November 19, 2004, Boehm entered a plea agreement with the United States government.

In his plea agreement, Boehm agreed to "plead guilty to Count 1 of the Fourth Superseding Indictment and admit that he conspired with others to knowingly recruit, entice, and obtain females he knew were under the age of 18 to engage in commercial sex acts with himself and others" in violation of 18 U.S.C. §§ 371 and 1591(a)(1).[1]  The factual basis for the plea was recited in the plea agreement:

> Beginning in late 2001 and continuing until December 22, 2003, Boehm conspired with Bolling, Williams, and Tyree to recruit persons under 18 ("juveniles") to engage in sexual acts.  The juveniles were recruited by offering them cocaine, which was manufactured outside Alaska and effected interstate commerce.  The following juveniles were knowingly recruited by the defendants to engage in sex: S.P., E.A., J.M., K.W., L.H., C.R., L.B., and M.D.  These juveniles had sex with one or more of the defendants, and received money and/or controlled substances from the defendants.  The defendants knew the juveniles' ages when they recruited the juveniles.  To effect the purposes of the conspiracy, the defendant purchased cocaine and distributed cocaine to one or more juveniles, including S.P. in or about the fall of 2001.[2]

Boehm also agreed to plead guilty to Count 10 and admit that "he conspired to distribute and to possess with intent to distribute over 50 grams of cocaine base to persons under 21 years of age, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a)."[3]  Boehm stipulated that "at least between in or about late 2001, and

---

[1] *United States v. Boehm*, 3:04-cr-003-01 (JWS), Dkt. 690 at p. 6.

[2] *Id.* at pp. 24-25.

[3] *Id.* at pp. 6-7.

continuing until at least December 22, 2003," Boehm and other members of the conspiracy distributed cocaine and cocaine base to persons between the ages of 13 and 21, as well as others over the age of 21.[4]  In the plea agreement, Boehm specifically stated, "I am admitting that the allegations against me contained in the factual basis for the pleas are true."[5]

Pursuant to the plea agreement, Boehm also agreed to forfeit certain real property identified in Count 15 pursuant to 21 U.S.C. § 853(a)(2).  In exchange for Boehm's guilty pleas to the above Counts, the United States agreed to dismiss Counts 2-9, and 11-16 of the Fourth Superseding Indictment.  Boehm was convicted and sentenced to 135 months of imprisonment.

On June 1, 2009, Miranda Ditullio filed suit against Josef Boehm, Bambi Tyree, Allen Billing, and Leslie Williams, alleging six causes of action arising from the alleged performance and solicitation of sexual acts, as well as distribution of controlled substances, between March and December of 2003.[6]  Ditullio subsequently requested leave to amend her complaint to remove Tyree, Bolling, and Williams from the complaint.  By order dated October 20, 2009, the court granted Ditullio's motion for leave to file an amended complaint.[7]  Ditullio's amended complaint[8] alleges a federal claim against Boehm under 18 U.S.C. § 1595(a), which provides a civil remedy for victims of the crime of sex trafficking of children in violation of 18 U.S.C. § 1591(a), as well as a claim for intentional infliction of emotional distress under Alaska law.[9]

---

[4]*Id.* at pp. 23-24.

[5]*Id.* at p. 27.

[6]Doc. 1.

[7]Doc. 11.

[8]Doc. 12.

[9]Although the amended complaint purports to set forth six causes of action, it appears that the only claims alleged are those set forth above.

### III.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[10]  The moving party has the burden to show that material facts are not genuinely disputed.[11]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[12]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue of fact exists by presenting evidence indicating that certain facts are disputed so that a fact-finder must resolve the dispute at trial.[13]  The court views this evidence in the light most favorable to the nonmoving party and draws all justifiable inferences from it in favor of the nonmoving party.[14]

### IV.  DISCUSSION

**Motion to Strike**

Boehm moves to strike Ditullio's affidavit in support of her motion for partial summary judgment on the grounds that it is a "sham" affidavit.  Boehm argues that Ditullio's affidavit is a sham because portions of her affidavit "have been copied from another plaintiff's affidavit and because she has subsequently made sworn statements that contradict the allegations made in her Affidavit."[15]  Under the Ninth Circuit's "sham" affidavit rule, "a party cannot create an issue of fact by an affidavit contradicting [her]

---

[10] Fed. R. Civ. P. 56(c)(2).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[12] *Id.* at 325.

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[14] *Id.* at 255; *Soldano v. United States*, 453 F.3d 1140, 1143 (9th Cir. 2006).

[15] Doc. 54 at p. 1.

prior deposition testimony."[16]  Boehm contends that, similarly, a party cannot establish the absence of a genuine issue of material fact based on an affidavit "that is not based upon personal knowledge or is in contradiction with other sworn statements made by that party."[17]

Boehm specifically argues that Ditullio's affidavit is not based upon her personal knowledge because portions of her affidavit "mirror portions of an affidavit offered by S.P. in *S.P. v. Josef F. Boehm, et al.*, 3:05-cv-0083(JKS)."[18]  Boehm's argument is unavailing because it assumes that Ditullio and S.P. could not have had similar experiences with Boehm.  Based on the facts Boehm admitted in his plea agreement and the evidence in the underlying criminal case, it is probable that Boehm engaged in similar conduct with the juveniles who were recruited to perform sex acts in exchange for controlled substances.  Moreover, Ditullio's attorney also represented S.P. so it is not surprising that similar verbiage would be used to describe similar acts in their affidavits.

Boehm next argues that Ditullio's affidavit contains three statements that are inconsistent with her answers to discovery requests, and that these inconsistencies undermine the affidavit's validity and reliability.  Boehm avers that Ditullio stated in her affidavit that Bambi Tyree introduced her to Boehm, but stated in her answers to interrogatories that Boehm introduced her to Tyree. Upon a close reading of the two documents, the alleged inconsistency appears to be a distinction without a difference. In her affidavit, Ditullio stated, "I was introduced by Bambi Tyree, who had been sent out by Mr. Boehm into the community to recruit young vulnerable girls such as myself."[19]

---

[16]*Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.,* 397 F.3d 1217, 1225 (9th Cir. 2005) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)).

[17]Doc. 55 at p. 2.

[18]Doc. 55 at p. 1.

[19]Doc. 56-1 at p. 2.

In her answer to an interrogatory, Ditullio stated, "I met Bambi Tyree . . . through [Boehm]."[20] These statements are not contradictory.

Next, Boehm contends that Ditullio's affidavit and answers to interrogatories are inconsistent as to the amount of detail she remembers from her interview with Boehm's investigator, Terry Shurtleff, in June 2004. In her affidavit, Ditullio stated,

> In about June of 2004, I gave a recorded statement to an investigator hired by Josef Boehm. The investigator's name was Terry, and I remember denying that I had sex with Josef Boehm or that Josef Boehm knew my true age. At the time, I was in fear and was being pressured to give a false statement. I was also still an active drug user and was high on drugs when I gave that statement.

Interrogatory No. 14 requested Ditullio to "state each and every fact upon which you claim that you were pressured to give a false statement on June 1, 2004 to Terry Shurtleff . . . do not simply restate the vague and conclusory allegations you make in your affidavit." In response to the interrogatory, Ditullio stated, "I was extremely high on crack cocaine and do not recall this person. I do remember I was only thinking about getting another crack hit as soon as possible."[21]

While Boehm contends this statement is contradictory and undermines the truthfulness of Ditullio's affidavit, a more likely explanation is that Ditullio does not remember any other circumstances about the interview other than those she stated in her affidavit. In the interrogatory Ditullio was asked to provide additional facts about her statement to Shurtleff and was instructed not to restate the allegations she made in her affidavit. In addition, in both her affidavit and answer to Interrogatory No. 14, Ditullio admits that she was high on drugs when she was interviewed by Shurtleff in June 2004

Finally, Boehm argues that Ditullio made contradictory statements in her affidavit and discovery responses as to the paternity of her child born in February 2004. In her affidavit, Ditullio states that "[n]o protection was used during the time that Josef Boehm was having sex with me and letting others have sex with me," "I became pregnant in 2003 and gave birth on February 1, 2004," and "Boehm could be the father of that

---

[20] Doc. 56-2 at p. 8.

[21] Doc. 56-2 at p. 7.

child."[22]  In her answers to requests for admission, Ditullio admitted that she had multiple sex partners prior to becoming pregnant in 2003, and that she does not know "who the father is" of the child born in February 2004.[23]  This statement is not inconsistent with her statement that Boehm could be the father.  In response to Interrogatory No. 4 which asks in part for Ditullio to "state what conduct you contend Defendant did that was at fault," Ditullio stated,

> Defendant recruited me for sex and in order to get me to have sex with him, he had to get me addicted to crack cocaine so I would be out of my head continuously so he could rape me over and over and over to the point he impregnated me and then continued to keep me high on crack cocaine so I couldn't leave.[24]

Ditullio's answer appears to state her contention that Boehm was at fault for impregnating her.  Morever, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] he is ruling on a motion for summary judgment."[25]  Regardless, whether Boehm is the father of Ditullio's child is not material to the motion for partial summary judgment.

Pursuant to Rule 56(e)(1), a supporting affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Because Boehm has not shown that Ditullio's affidavit is a "sham" affidavit or that it is not made on personal knowledge or that she is not competent to testify on the matters stated, the court will deny Boehm's motion for an order striking Ditullio's affidavit in support of her motion for partial summary judgment.

---

[22]Doc. 56-1 at p. 3.

[23]Doc. 56-3 at p. 2.

[24]Doc. 56-2 at p. 2.

[25]*Anderson*, 477 U.S. at 242.

**Motion for Partial Summary Judgment**

Ditullio moves for partial summary judgment establishing Boehm's liability for damages under 18 U.S.C. § 1595(a) on the grounds that "Boehm pled guilty and he has admitted, or stipulated to all of the material facts necessary to the establishment of liability under § 1595," and is estopped from denying these material facts.[26] Section 1595(a) of Title 18 of the United States Code, which became effective December 19, 2003, created a civil remedy for "[a]n individual who is a victim of a violation of section . . . 1591 of this chapter," and authorizes the victim "to bring a civil action against the perpetrator in an appropriate district court" for damages and reasonable attorneys' fees.  Section 1591(a) provides in relevant part that "[w]hoever knowingly . . . in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, or obtains by any means a person . . . knowing that . . . the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished. . . ."[27]  "Commercial sex act" is defined as "any sex act, on account of which anything of value is given to or received by any person."[28]

In support of her motion for summary judgment as to liability, Ditullio provided the plea agreement reached in *United States v. Boehm*, 3:04-cr-0003-01 (JWS).  In his plea agreement, Boehm agreed to plead guilty to conspiracy to commit the crime of sex trafficking of children in violation of 18 U.S.C. §§ 371 and 1591(a)(1) and to "admit that he conspired with others to knowingly recruit, entice and obtain females he knew were under the age of 18 to engage in commercial sex acts with himself and others."[29] Boehm also agreed to plead guilty to one count of conspiracy to distribute cocaine base to persons under 21 years of age. The plea agreement provided the following factual basis for the plea:

---

[26]Doc. 22 at p. 6.

[27]18 U.S.C. § 1591(a) (2003).

[28]18 U.S.C. § 1591(c)(1) (2003).

[29]*United States v. Boehm*, Case No. 3:04-cr-003, Plea Agreement, doc. 690 at p. 6.

> The following juveniles were knowingly recruited by the defendants to engage in sex: S.P., E.A., J.M., K.W., L.H., C.R., L.B., and M.D. These juveniles had sex with one or more of the defendants, and received money and/or controlled substances from the defendants. The defendants knew the juveniles' ages when they recruited the juveniles. To effect the purposes of the conspiracy, the defendant purchased cocaine and distributed cocaine to one or more juveniles, including S.P. in or about the fall of 2001.[30]

In addition, Boehm admitted that the allegations against him in the factual basis for his pleas were true.

As further support of her motion for partial summary judgment, Ditullio provided her own affidavit, which states in pertinent part that she is an "individual victim identified by initials" in the plea agreement entered into by Boehm in criminal case 3:04-cr-003 (JWS), she met Boehm when she was 15 years of age, Boehm knew her age because she told Boehm her age, and Boehm supplied her with an "endless amount of cocaine base (crack), as long as [she] would perform sexual acts on him and his partners, and the other[] female victims in the house at the time."[31]

Boehm opposes the motion for partial summary judgment on several grounds. Boehm first argues that Ditullio's statements to Boehm's investigator, Terry Shurtleff, in the June 2004 interview "create a genuine issue of material fact as to whether [Boehm] knew of her true age and . . . provided her with crack cocaine in exchange for sex."[32] Boehm's argument is not persuasive because the 2004 interview is not a deposition or sworn statement. Ditullio supported her motion for partial summary judgment with an affidavit made on personal knowledge, setting out facts that would be admissible in evidence. Pursuant to Rule 56(e)(1), a supporting affidavit may "be opposed by depositions, answers to interrogatories, or additional affidavits." The transcript of Ditullio's June 2004 interview is not a deposition or a sworn statement and is not admissible to show a genuine issue for trial under Rule 56(e)(1)).

---

[30] *Id.* at pp. 24-25.

[31] Doc. 23 at pp. 1-2.

[32] Doc. 32 at p. 4.

Boehm next contends that "[t]hough it is clear that Plaintiff's name is Miranda Ditullio and that the Plea Agreement contains the initials M.D., Plaintiff does not state that she is M.D. in the plea agreement, nor does she offer any other evidence in support of this conclusion."[33] Contrary to Boehm's argument, Ditullio attached an affidavit to her motion, stating in pertinent part that she is an individual victim identified in the plea agreement entered into by Boehm in the underlying criminal case.[34] Ditullio also filed a copy of the plea agreement Boehm entered in 3:04-cr-003-01 (JWS). Boehm, on the other hand, does not offer any evidence creating a question of fact as to whether Ditullio is one of the victims identified in the plea agreement.

Boehm further argues while he is estopped from denying the essential elements of conviction, his convictions for conspiracy to commit sex trafficking of children and conspiracy to distribute cocaine base to persons under 21 years of age do not establish that Ditullio was a victim under 18 U.S.C. § 1591(a) and that Boehm was the perpetrator. In support of his argument, Boehm cites an order in a related case denying a motion for partial summary judgment as to liability under 18 U.S.C. § 1591(a) on the grounds that "[w]hile Boehm's conviction and admissions are strong evidence in [S.P.'s] favor, standing alone, they do not fully establish liability." The court's order further clarified that S.P. had not filed affidavits or other evidence "specifically addressing her relationship with Boehm and establishing the elements of her various claims," and provided that S.P. could renew her motion "supported by her own affidavit and other evidence to show the nexus between Boehm's activities and her victimization."[35] After S.P. filed a renewed motion supported by her affidavit, the court concluded that because S.P. had established that she was a victim under § 1591(a) and that Boehm was the perpetrator, she was entitled to judgment as a matter of law that Boehm was liable to her under § 1595.[36]

---

[33]Doc. 32 at p. 5.

[34]Doc. 23 at p. 1.

[35]3:05-cv-0085 (JKS), Doc. 116 at p. 4.

[36]3:05-cv-0085 (JKS), Doc. 200.

In the case at bar, Ditullio supported her motion for summary judgment with Boehm's plea agreement and her own affidavit stating that she was one of the victims identified in Boehm's plea agreement, that she was recruited by Boehm to engage in sex acts in exchange for controlled substances, that Boehm knew she was under 18, and that she performed sex acts for Boehm and he provided her with controlled substances in exchange for the sex acts. Rule 56(e)(2) provides,

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate be entered against that party.

Boehm has not provided an affidavit or deposition denying under oath that Ditullio performed sex acts at his request in exchange for cocaine base and that he knew she was under 18 at the time. Accordingly, Ditullio has established that she was a victim of child sex trafficking under § 1591(a) and that Boehm was the perpetrator.

Finally, relying on the "presumption against statutory retroactivity" discussed in *Landgraf v. USI Film Products*,[37] Boehm argues that because § 1595 became effective on December 19, 2003, his liability to Ditullio only extends so far as Ditullio can show that she was a victim of his sex trafficking under § 1591 after December 19, 2003. Boehm contends that Ditullio does not allege any fact that shows she was a victim of child sex trafficking after December 19, 2003, and that the plea agreement does not conclusively establish that Boehm violated § 1591 after § 1595's effective date.

Statutes are disfavored as retroactive when their application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."[38] A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct

---

[37] 511 U.S. 244 (1994).

[38] *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 36 (2006) (quoting *Landgraf,* 511 U.S. at 280).

antedating the statute's enactment."[39]  "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment."[40]  Here, because § 1595 imposed a new form of civil damages on defendants who violated § 1591 and Congress did not indicate that it intended § 1595 to apply retroactively, the presumption against retroactivity applies.[41]

Ditullio contends that the presumption against retroactivity does not apply here because Boehm admitted his conduct continued past December 19, 2003.  In his plea agreement, Boehm admitted that beginning in 2001 and "continuing until at least December 22, 2003," he and other members of the conspiracy knowingly recruited persons under the age of 18 to engage in sexual acts, and that these juveniles received money and/or cocaine from Boehm and his co-conspirators for engaging in sex.  Although Boehm admitted that between 2001 and "at least December 22, 2003, he and his co-conspirators knowingly recruited persons under the age of 18 to engage in sexual acts and provided these juveniles money and/or cocaine for engaging in sex, there is no evidence on record showing that Ditullio was a victim of Boehm's sex trafficking after December 19, 2003.  Because Ditullio has not established by affidavit or other admissible evidence that she was a victim of Boehm's sex trafficking after December 19, 2003, she is not entitled to summary judgment as to Boehm's liability to her under 18 U.S.C. § 1595.

Ditullio also requests summary judgment on her claim for punitive damages, arguing that "[e]nticing a minor to engage in sexual acts, and using illegal drugs such as cocaine and cocaine base to entice that minor is reckless and outrageous conduct with evil intent as a matter of law."[42]  In support, Ditullio cites a Supreme Court decision holding that "a jury may be permitted to assess punitive damages in an action under [42 U.S.C. § 1983] when the defendant's conduct is shown to be motivated by evil motive or

---

[39]*Landgraf*, 511 U.S. at 269.

[40]*Id.* at 269-270.

[41]*Fernandez-Vargas*, 548 U.S. at 37-38.

[42]Doc. 22 at p. 11.

intent, or when it involves reckless or callous indifference to the federally protected rights of others."[43] However, Ditullio fails to cite any authority for the proposition that punitive damages are available under 18 U.S.C. § 1595(a), and if so, what legal standard applies. Accordingly, Ditullio has failed to establish that she is entitled to an award of punitive damages under § 1595 as a matter of law.

## V. CONCLUSION

For the reasons set out above, plaintiff's motion at docket 21 for partial summary judgment is **DENIED without prejudice** as to defendant's liability for compensatory and punitive damages under 18 U.S.C. § 1595(a). It is **FURTHER ORDERED** that defendant's motion at docket 54 to strike plaintiff's affidavit in support of her motion for partial summary judgment is **DENIED**.

DATED at Anchorage, Alaska, this 15th day of June 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[43] *Smith v. Wade*, 461 U.S. 30, 56 (1983).