Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Miranda Ditullio, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Josef F. Boehm, | ) ) |
| Defendant. | ) ) Case No. 3:09-CV-00113-JWS |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Defendant, Josef Boehm ("Boehm") seeks dismissal of plaintiff's first, third and fourth causes of action. (Docket 63). For the reasons stated herein, Boehm's motion must either be denied, or plaintiff must be allowed to amend her complaint to cure any deficiencies.

**I.   Standard includes consideration whether amendment of the complaint will cure deficiencies.**

Boehm brings his motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket 64, p. 2). He acknowledges, however, that the standard to be applied is the standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). Id. He correctly states part of the standard to be applied under Rule 12(b)(6) by pointing

LAW OFFICE OF
DARRYL L.
JONES
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

1

out that the Court should only dismiss a claim under the Rule if it is clear that no relief could be granted under any set of facts that could be proven, consistent with the allegations in the complaint. Id. He also correctly points out that the allegations in the complaint must be taken as being true and all doubts must be resolved in a light most favorable to the plaintiff. Id. Although Boehm correctly states part of the standard to be applied under Rule 12(b)(6), he has left out an important part of that standard. As the Court of Appeals for the Ninth Circuit has held, before dismissing a complaint under 12(b)(6), the district court must first give the plaintiff an opportunity to amend the complaint if amendment would cure any deficiencies. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1034 (9th Cir. Cal. 2008). There being no undue delay, bad faith, or repeated failure to cure deficiencies by amendments previously allowed and no undue prejudice to Boehm, should this court determine that the complaint, taken as true, fails to state a claim on any count, leave to amend should be granted. Id.

**II.    Count I and Count III of the complaint should be dismissed.**

Plaintiff disagrees with Boehm's argument regarding the validity of Plaintiff's claims under 42 U.S.C. § 1985 and her claims under 18 U.S.C. § 371 and 21 U.S.C. §§ 841, 846 & 859. Notwithstanding that disagreement, plaintiff agrees to dismissal of Count I and III of her amended complaint.

AW OFFICE OF
DARRYL L.
JONES

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

### III. Count IV of the complaint should not be dismissed.

Count IV of the amended complaint states a cause of action for sexual assault. (Docket 12, p. 7). In paragraph 5 of the amended complaint, plaintiff invokes the court's pendent jurisdiction of the court over all state law claims. Id., p 2. In Alaska, there is a statutory, state law claim for victims of sexual abuse. Ak. Stat. § 09.55.650. That statute created the cause of action in 1990 and was amended in 1998. (§ 4 ch 4 SLA 1990; am § 2 ch 81 SLA 1998). Under Ak. Stat. 09.60.070, plaintiff would be entitled to full attorney fees and costs in the prosecution of her state law cause of action. That statute was enacted in 1991 (§ 5 ch 57 SLA 1991); and it applies to criminal acts or attempts to commit criminal acts on or after September 15, 1991. (§ 24, ch. 57, SLA 1991).

Reading plaintiff's complaint as a whole and the specific acts complained of in Count IV, plaintiff has adequately stated a state law claim for sexual abuse under 09.55.650. Contrary to Boehm's position, federal rules of pleading do not require the complaint state facts and theories of recovery with specificity. Instead, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

LAW OFFICE OF
DARRYL L.
JONES

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

3

Because Boehm seeks dismissal under Rule 12(b)(6), this court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. Supra, at 555-556 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002); Neitzke v. Williams, 490 U.S. 319, 327, (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Taking the facts stated in plaintiff's complaint as being true, plaintiff was subjected to sexual abuse by Boehm and she has adequately stated facts sufficient to support a state law claim under 09.55.650.

Rule 12(b)(6) authorizes this court to dismiss cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F. 3d 305, 311-12 (3rd Cir. 1999). More simply stated, under Rule 12(b)(6), the thing to be dismissed is the claim of the plaintiff, not the particular relief requested in relation to that claim. Indeed, the demand for judgment which sets forth the particular relief requested "is not [even] considered part of the claim." 5 Wright & Miller, Federal Practice and Procedure § 1255 (2d Ed. 1990).

Not surprisingly, therefore, federal courts have reiterated that a "claim" should not be dismissed "for failure to seek the technically appropriate remedy when the availability of some relief is readily apparent on the face of the complaint." Doe v. U.S. Dept. of Justice, 753 F. 2d 1092, 1104 (D.C. Cir. 1985). Nor should a "claim" be dismissed

LAW OFFICE OF
DARRYL L.
JONES
905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

because of overreaching on the part of a plaintiff. "[P]laintiffs frequently ask for the stars, and a complaint is not dismissible simply because its proof would at most entitle the plaintiff to something less." Id. 753 F. 2d at 1104 n. 11.

The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, and a plaintiff meets his obligation as long as he provides sufficient factual grounds to constitute the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

Plaintiff's Count IV states a valid claim upon which relief may be granted. Accordingly, Count IV of the amended complaint may not be dismissed. Alternatively, should this court find that Count IV must cite the statutory basis for the claim, leave to amend should be granted.

### IV. Plaintiff's state law claims are not redundant claims.

Unlike Purser v. Boehm, 3:05-cv-85-JKS, the state law claims in this case are not redundant to the federal claims under 18 U.S.C. § 1595. (Docket 64, pp. 12-13). In the instant case, because plaintiff is limited as to application and damages on her claim under § 1595, the state law claims do add to her damage claims and there little or no risk of double

LAW OFFICE OF DARRYL L. JONES

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

recovery. (Docket 64, p. 13). This court has pendent or supplemental jurisdiction over plaintiff's state law claims. See 28 USCS § 1367. Where a plaintiff pursues relief under both state and federal law, and there are differing legal standards applicable to those claims, the court should instruct the jury to enter separate verdicts as to the state and federal claims. See Alvarado v. Fed. Express Corp., 2010 U.S. App. LEXIS 12336 (9th Cir. Cal. June 16, 2010) (directing district court to instruct the jury to enter separate verdicts under state and federal law for punitive damages). In this case, plaintiff's state law claims for sexual abuse, and intentional infliction of emotional distress cover the entire period of time that she was abused and controlled by Boehm. Her federal claims only covers the period of time from December 19, 2003 forward. It is pure speculation on the part of Boehm that this court would be incapable of crafting appropriate instructions directing the jury to enter separate verdicts as to the federal and state law claims, and that the jury would be incapable of following this court's instructions. The claims are not redundant and Boehm's requests that either the federal claim or state law claims be dismissed is without merit.

## CONCLUSION

Plaintiff did not fail to adequately plead facts necessary to support a claim under Count I or Count III of her complaint. Nonetheless, plaintiff agrees to dismissal of those claims because the relief she seeks is available under Counts II, IV, V and VI of the complaint.

LAW OFFICE OF
DARRYL L.
JONES

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

Plaintiff's claims under Count II and Count V of the complaint are not duplicative. Each of those claims cover a separate period of time and the jury will not be confused. Moreover, separate verdicts will not lead to double recovery.

Contrary to Boehm's apparent belief, and in light of this court's ruling on the limited application of 18 U.S.C. § 1595, plaintiff fully intends to pursue her state law cause of action for sexual abuse of a minor and any other state law claim she has for damages. This court can easily instruct the jury to enter separate verdicts as to the federal and state claims and Boehm's speculation that a jury would not be able to comprehend and follow this court's instructions is just that, pure speculation. With the exception of Counts I and III, plaintiff's claims should not be dismissed or limited by the court.

DATED this 27th day of July 2010.

/s
Darryl L. Jones, Esq.
Attorney for Plaintiff
ABA No: 8811188

LAW OFFICE OF
DARRYL L.
JONES

905 Photo Avenue
Anchorage, Alaska 99503
Tel: (907) 278-1212
Fax: (907) 278-1213

Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel (907) 278-1212
Fax (9070 278-1213
lodj.federalnotices@yahoo.com

Attorney for Plaintiff

IN THE UNTIED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Miranda Ditullio, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Josef F. Boehm, | ) |
| | ) |
| Defendant, | ) |
| | ) Case No. 3:09-CV-00113-JWS |

**CERTIFICATE OF SERVICE**

This is to certify that on July 29th, 2010, a true and correct copy of the foregoing documents were served by electronic filing to:

Law Office of Ernouf & Coffey
William S. Ernouf
3606 Rhone Circle, Suite 110
Anchorage, Alaska 99508

DATED this 29th day of July 2010, at Anchorage, Alaska.

_____/S /_____
Darryl L. Jones
ABA #: 8811188
Attorney for Plaintiff