UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MIRANDA DITULLIO, | ) |
| | ) |
| Plaintiff, | )    3:09-cv-0113 JWS |
| | ) |
| vs. | )    ORDER AND OPINION |
| | ) |
| JOSEF F. BOEHM, | )    [Re: Motions at Dockets 63 and 76] |
| | ) |
| Defendant. | ) |
| | ) |

## I. MOTIONS PRESENTED

At docket 63 defendant Josef Boehm moved pursuant to Rule 12(c) to dismiss certain claims brought against him by plaintiff Miranda Ditullio. Ditullio filed an opposition at docket 90 to which Boehm replied at docket 97. At docket 76 Ditullio moved for an order allowing her to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Boehm opposed at docket 85, and Ditullio replied at docket 98. Both motions are ripe. Oral argument would not assist the court.

## II. BACKGROUND

The parties are thoroughly familiar with the facts underlying this litigation. Readers not familiar with the background of this case are directed to the court's order at docket 61. In that order, the court concluded that 18 U.S.C. § 1595(a), upon which Ditullio rests her principal claim against Boehm, was subject to a well-recognized presumption against retroactivity and therefore could not support Ditullio's claims for damages based on acts prior to December 19, 2003.

### III. DISCUSSION

Section 1595(a) of Title 18 of the United States Code became effective December 19, 2003. It creates a civil remedy for, "[a]n individual who is a victim of a violation [of this chapter]," and authorizes the victim "to bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known was engaged in an act in violation of this chapter) in an appropriate district court . . . ." Ditullio previously moved for partial summary judgment establishing Boehm's liability for damages under 18 U.S.C. § 1595(a) on the grounds that "Boehm pled guilty and he has admitted, or stipulated to all of the material facts necessary to the establishment of liability under § 1595," and is estopped from denying these material facts.[1] Were she able to rely on § 1595, Ditullio might have something approaching the proverbial "slam dunk" case. However, because this court ruled that § 1595 could not be applied retroactively, she now must proceed on the basis of her other claims. Thus, there exists the prospect for a trial on more difficult claims which might not yield any–or any significant–recovery by Ditullio. If on appeal after the trial, the Court of Appeals reached a different conclusion on the retroactivity issue, a second trial might be necessary at considerable additional cost to the litigants and the court.

An interlocutory appeal may be taken from a decision by a district court when the trial judge "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[2] The statute thus directs the court to consider three questions: (1) Is there a controlling question of law? (2) It there a substantial ground for difference of opinion on that question? (3) Would an interlocutory appeal materially advance a final determination of the dispute?

---

[1] Doc. 22 at p. 6.

[2] 28 U.S.C. § 1292(b).

Here, the first question must be answered in the affirmative. Whether § 1595 may be applied retroactively is a clearly a question of law which can be decided without requiring the appellate court to resolve disputed facts. It may be added that the issue of whether § 1595 may be used to pursue a claim for punitive damages as Ditullio asserted in her motion for partial summary judgment is also purely a question of law.

The answer to the second question is not so obvious. Boehm argues at length that the law is so clear that there is not room for a substantial difference of opinion on the retroactivity issue. While this court agrees that the statute cannot be applied retroactively, it disagrees that there is no substantial ground for a difference of opinion on that issue. The reason is that Boehm has admitted his course of conduct did extend beyond December 19, 2003. This fact yields an interesting and genuinely debatable legal issue over whether in these circumstances the statute can be used to sweep in acts in the course of Boehm's conduct which took place prior to December 2003. The answer to the second question is, therefore, yes.

The third question must also be answered in the affirmative, because an appellate decision on the retroactivity issue would materially advance the ultimate resolution of the case by assuring that only one trial, rather than possibly two, would be required.

For the reasons above, this court is of the opinion that there is no just reason for delay and that an interlocutory appeal to decide whether 18 U.S.C. § 1595 may be applied retroactively in this case should be permitted. While it would not support an interlocutory appeal standing alone (because there are, in this court's view, no substantial grounds for a difference of opinion), the related question of wether § 1595 authorizes the recovery of punitive damages should also be presented to the Court of Appeals for its determination.

In light of the preceding discussion, the court concludes that it is advisable to deny the motion to dismiss certain claims without prejudice to renewal after the Court of Appeals decides the issues relating to § 1595. This will avoid the expenditure of judicial resources and afford the parties a chance to file fresh briefing which might include new case law once the interlocutory appeal has been concluded.

## IV.  CONCLUSION

For the reasons above, the motion at docket 76 to certify an interlocutory appeal is **GRANTED,** and the motion to dismiss at docket 63 is **DENIED without prejudice**. All further activity in this court, save actions necessary to prosecute the interlocutory appeal, are hereby **STAYED** pending further order of this court.

DATED this 25th day of August 2010.

/S/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE