Darryl L. Jones, Esq.
905 Photo Avenue
Anchorage, Alaska 99503
Tel (907) 278-1212
Fax (907) 278-1213

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

Miranda Ditullio,                    )
                                     )
        Plaintiff,                   )
                                     )
        vs.                          )
                                     )
Josef F. Boehm,                      )
                                     )
        Defendant.                   )
_____) Case No. 3:09-CV-00113-JWS

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Josef Boehm seeks dismissal of Counts I, III, and IV of plaintiff's
amended complaint. (Docket 118).  Boehm also requests that either Count II or
Count V of plaintiff's amended complaint be dismissed because they are
"duplicative, will confuse the jury, and could lead to double recovery." (Docket
118, p. 2).  With some exceptions, Boehm's motion is a renewal of his motion at
Docket 63, 64, and again, without waving any right to admit relevant evidence
as to her remaining claims, plaintiff does not object to dismissal of Counts I
(One) & III (Three) of the amended complaint. (Docket 90, p. 2).  However, to
the extent Boehm seeks dismissal of Counts II, IV or V, the motion must be
denied.

1

**A.    Rule 12(c) & 12(b)(6) Standard.**

Boehm brings his motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket 118, p. 2).  He acknowledges, however, that the standard to be applied is the standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Id.

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. Mendocino Environmental Center v. Mendocino County, 14 F.3d 457, 460 (9th Cir. 1994); NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).

Unless the court converts the Rule 12(b)(6) motion into a summary judgment motion, or the defense is apparent from matters of which the court may take judicial notice, the court cannot consider material outside the complaint (e.g. facts presented in briefs, affidavits or discovery materials). Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001).

A matter that is properly the subject of judicial notice (Fed. R. Evid. 201) may be considered along with the complaint when deciding a 12(b)(6) motion to dismiss without converting the motion to one for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). The court may properly consider matters of public record (e.g. pleadings, orders and other papers on file in another action pending in the court; records and reports of administrative bodies; or the legislative history of laws, rules or ordinances) as long as the facts noticed are not subject to reasonable dispute. Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).

In the instant case, this Court can take judicial notice of the files and records in the following cases: United States v. Josef Boehm, U.S. District Court (Alaska), Case No. 3:04-cr-003-01 wherein Boehm was convicted based upon a plea agreement in which he admitted to most of the allegations contained in plaintiff's complaint; Purser v. Josef Boehm, U.S. District Court (Alaska), Case No. 3:05-cv-0085 wherein Boehm was sued under 18 U.S.C. § 1595 for conduct contained in plea agreement and summary judgment was granted to the plaintiff and case settled for a confidential amount; and Wallis v. Josef Boehm, U.S. District Court (Alaska), Case No. 3:06-cv-031 wherein Boehm was sued under 18 U.S.C. § 1595 for conduct contained in plea agreement and case settled for a confidential amount. The specific documents that this Court should take judicial notice of include the plea agreement entered into in

3

the case of <u>United States v. Josef Bohem</u>; and the documents found at Docket 200, 228, and 228-2 in the case of <u>Purser v. Boehm</u> which granted summary judgment and set out instructions to be provided to the jury.

**B.      Plaintiff's fourth cause of action should not be dismissed.**

In Paragraph 5 of the Amended Complaint, plaintiff asks that the court exercise its pendent or supplemental jurisdiction over state law claims.  (Docket 12, p. 2).  Plaintiff's fourth cause of action asserts a state law claim for sexual assault. (Docket 12, p. 7).  In his memorandum in support of the motion to dismiss, defendant recognizes that this fourth cause of action asserts a state law claim. (Docket 118, p. 11).  Nonetheless, he contends the claim should be amended to more specifically allege a cause of action under state law. <u>Id</u>.

Plaintiff takes the position that because defendant has recognized the existence of a state claim, it is unnecessary to amend that claim. <u>See</u> <u>Kittay v. Kornstein</u>, 230 F.3d 531, 542 (2d Cir. N.Y. 2000) (if the complaint is sufficient to give the defendant an understanding of the claim being asserted, the claim should not be dismissed).  However, if the Court differs in that opinion then leave to amend should be granted.  <u>See</u> <u>Manzarek v. St. Paul Fire & Marine Ins. Co</u>., 519 F.3d 1025, 1034 (9th Cir. Cal. 2008).

**C.    Allowing both state and federal claims will not confuse the jury or cause a double recovery.  Any prejudice can be cured with the jury instructions.**

The legal environment in this case has changed dramatically since the Court's order dated February 23, 2010 and the order dated June 15, 2010.  (Docket 31, 61).  When those orders were entered, there was an assumption that plaintiff was pursuing a federal claim under 18 U.S.C. § 1595 and state law claims and both claims covered the same periods of time and the same conduct.  That is no longer the case because this Court has ruled, and the Ninth Circuit has affirmed that 18 U.S.C. § 1595 had an effective date of December 19, 2003 and the statute may not be applied to conduct that predates its effective date.  (Docket 61, p. 11).  Now, the federal claim only covers conduct on or after December 19, 2003 while the state law claims cover conduct that predates the effective date of § 1595.   Therefore, the threat of double recovery and jury confusion is eliminated and both the state and federal claims can be presented to the jury.  The federal claim is asserted in Count II of the complaint and the state law claims are asserted in Counts IV and V of the amended complaint.  All of these claims should be submitted to the jury.

It is undisputed that plaintiff's claims under 18 U.S.C. § 1595 present a federal question within the original jurisdiction of this Court.

When presented with a federal claim, the Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a), see also Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (upholding the constitutionality of supplemental jurisdiction). State law claims are part of the same "case" as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" Finley v. United States, 490 U.S. 545, 549 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

Here, plaintiff's federal claims arise out of the same facts as circumstances as the federal claims. Section 1595 authorizes the federal claim and Alaska law authorizes a civil suit for violation of criminal statutes. See Pomeroy v. Rizzo, 182 P.3d 1125 (Alaska 2008); Lamb v. Anderson, 147 P.3d 736 (Alaska 2006). Therefore, the Court can properly exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

Defendant contends there is an exceptional circumstance in that instructing the jury on state law claims and on the federal claims would confuse the jury and allows double recovery. (Docket 118, p. 12).

Defendant cites no authority to support that proposition and defendant has not shown that there are compelling reasons to decline supplemental jurisdiction.

In <u>Ansoumana</u>, while flatly disagreeing that a jury would be too confused by combining federal and state claims in one lawsuit, the Court stated:

> I do not agree with this reasoning. In my judgment, there is little risk of jury confusion, and there is no greater risk than that present in other cases involving supplemental jurisdiction. Here, as in many such cases, state and federal claims are similar and arise from the same operative facts. There is no reason why competent counsel, such as those in the case before me, will lack the ability to present the issues to the jury cogently and understandably, or why federal jurors will not be able to understand the issues that will be presented to them. Nor will any unmanageable problems likely arise in pre-trial proceedings. Competent counsel will be able to draft appropriate notices, and they and the court should be able to manage this case fairly and efficiently.

<u>Ansoumana v. Gristede's Operating Corp.</u>, 201 F.R.D. 81, 95 (S.D.N.Y. 2001). In other words, jury confusion does not exist if the legal issues underlying the state and federal claims are similar, if competent counsel can effectively present their claims, and if the jury can follow instructions provided by the Court. In the instant case, the claims arise from identical facts, the legal issues are the same, and jury instructions can effectively separate state and federal claims.

Given the tortured procedural history of this case, there are competing principles of judicial economy and convenience that weigh strongly in favor of asserting supplemental jurisdiction. Plaintiff's state and federal law claim involve the identical nucleus of operative fact, and require a very similar, if not identical, showing in order to succeed. If this court forced plaintiff to pursue her state law claims in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the Courts' resources. These are important factors to be considered when considering whether state law claims should be remanded to the state court. Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992). Accordingly, this Court does not find compelling reasons exist that require it to decline to exercise supplemental jurisdiction over plaintiff's state law claim.

## **CONCLUSION**

The legal environment has changed dramatically since the entry of the order in Purser v. Boehm, 3:05-cv-85-JKS. In that case, § 1595 was applied to the entire period of conduct complained of and there was simply no need to instruct the jury on state law claims. Since then, defendant has successfully argued that § 1595 only covers conduct that occurred on or after December 19, 2003. The Ninth Circuit has

concluded there are questions of fact whether Boehm engaged in conduct with plaintiff on or after the effective date of § 1595. The conduct prior to that date, in this case, applies to plaintiff's state law claims. All of these claims arise out of the same, identical set of facts and nearly identical legal issues apply to both state and federal claims.

Accordingly, Counts I and III of plaintiff's complaint may be dismissed by agreement. However, Counts II, IV and V should not be dismissed.

DATED this 15th day of March 2012.


_____/s_____
Darryl L. Jones, Esq.
Attorney for Plaintiff
ABA No: 8811188