UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MIRANDA DITULLIO, ) | |
| Plaintiff, ) | 3:09-cv-00113 JWS |
| vs. ) | ORDER AND OPINION |
| JOSEF F. BOEHM, ) | [Re: Motion at Docket 117] |
| Defendant. ) | |

## I. MOTION PRESENTED

At docket 117, defendant Josef F. Boehm ("defendant" or "Boehm") renews his motion for judgment on the pleadings. The court denied Boehm's previous Rule 12(c) motion without prejudice.[1] Plaintiff Miranda Ditullio ("plaintiff" or "Ditullio") opposes the motion at docket 121. Boehm's reply is at docket 122. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

In November 2004, Boehm entered into a plea agreement with the United States government. Boehm pled guilty to conspiring to recruit minor females to engage in

---

[1] Doc. 100.

-1-

commercial sex acts in violation of 18 U.S.C. §§ 371 and 1591(a)(1) and to conspiring to distribute cocaine base to minors in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 859(a). Boehm admitted that the allegations in the plea agreement were true. The plea agreement included an allegation that "[t]he following juveniles were knowingly recruited by [Boehm] to engage in sex: S.P., E.A., J.M., K.W., L.H., C.R., L.B., and M.D."[2]

Ditullio is the victim identified in Boehm's plea agreement by the initials "M.D." She filed suit in federal court in 2009. Her complaint alleges involuntary servitude in violation of the Thirteenth Amendment (Count 1), sexual trafficking of a minor in violation of 18 U.S.C. § 1591 (Count 2), distribution of a controlled substance to a minor (Count 3), sexual assault of a minor (Count 4), and intentional infliction of emotional distress (Count 5). Ditullio seeks compensatory and punitive damages (Count 6).

This court previously denied Ditullio's motion for partial summary judgment and ruled that 18 U.S.C. § 1591 did not apply to conduct occurring before its December 19, 2003 effective date and that punitive damages were unavailable under § 1591.[3] Boehm subsequently moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court denied that motion without prejudice and granted plaintiff's motion for an interlocutory appeal.[4] On appeal, the Ninth Circuit affirmed the court's conclusion with respect to retroactivity and reversed the court's determination with respect to punitive damages under § 1591.[5] Boehm now renews his motion for judgment on the pleadings.

---

[2] *Ditullio v. Boehm*, 662 F.3d 1091, 1095 (9th Cir. 2011).

[3] Doc. 61.

[4] Doc. 100.

[5] *Ditullio*, 662 F.3d at 1102.

## III. STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[6] Because "Rules 12(b)(6) and 12(c) are substantially identical,"[7] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[8]

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[9] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[10] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[11] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted

---

[6] Fed. R. Civ. P. 12(c).

[7] *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

[8] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[9] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[10] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[11] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[12] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[13] *Id.*

1  unlawfully."[14] "Where a complaint pleads facts that are 'merely consistent' with a
2  defendant's liability, it 'stops short of the line between possibility and plausibility of
3  entitlement to relief.'"[15] "In sum, for a complaint to survive a motion to dismiss, the non-
4  conclusory 'factual content,' and reasonable inferences from that content, must be
5  plausibly suggestive of a claim entitling the plaintiff to relief."[16]

6  In ruling on a Rule 12(c) motion, a court therefore must "determine whether the
7  facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal
8  remedy."[17] "If the complaint fails to articulate a legally sufficient claim, the complaint
9  should be dismissed or judgment granted on the pleadings."[18] A Rule 12(c) motion is
10 thus properly granted when, taking all the allegations in the pleading as true, the
11 moving party is entitled to judgment as a matter of law.[19]

## IV.  DISCUSSION

13 Boehm argues that Counts 1, 3, and 4 of Ditullio's amended complaint should be
14 dismissed. Boehm also argues that *either* Count 2 or Count 5 should be dismissed
15 "because they are duplicative, will confuse the jury, and could lead to double
16 recovery."[20] Ditullio does not oppose dismissal of Count 1 or Count 3. Indeed, it has
17 been clear that she is not pursing those claims for more than two years.[21] To make it
18 clear for the record, those counts are dismissed.

---

[14] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[15] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[16] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[17] *Strigliabotti*, 398 F. Supp. 2d at 1097.

[18] *Id.*

[19] *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

[20] Doc. 118 at 2.

[21] *See* doc. 31 at p.2 n.4.

## A. Count 4

Ditullio's fourth claim is for sexual assault of a minor. Boehm argues that the claim is insufficiently pled insofar as Ditullio did not recite grounds for jurisdiction or grounds for relief. Ditullio's complaint alleges that "[w]hen [p]laintiff was a minor . . . defendant . . . knowingly engage[d] in sexual penetration with plaintiff without her consent, while she was incapacitated and did not know a sexual act was being committed against her."[22] Defendants are therefore correct that the complaint does not identify whether Ditullio is seeking to recover under a federal or state statute, or whether she intended to state a common law claim. Ditullio argues that because defendant is aware that she intended to assert a state law claim,[23] her complaint need not be amended.[24] Although the court is confident that it has supplemental jurisdiction over plaintiff's state law claim,[25] Ditullio's complaint does not comport with the federal pleading standard–Ditullio did not state a legal basis for her claim.

### 1. Leave to Amend

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"[26] Ditullio requested leave to amend in the event the court dismissed Count 4.[27]

---

[22] Doc. 12 at 7. Plaintiff's complaint also includes variations of the same general allegation–that Ditullio was raped by Boehm when she was a minor. *Id.*

[23] *See* doc. 118 at 11.

[24] Doc. 121 at 4 (citing *Kittay v. Kornstein*, 230 F.3d 531, 542 (2d Cir. 2000)).

[25] 28 U.S.C. § 1367(a).

[26] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

[27] Doc. 121 at 4.

**B. Counts 2 and 5**

Boehm argues that permitting Ditullio to pursue a claim under 18 U.S.C. § 1595 and a common law claim for intentional infliction of emotional distress would confuse the jury and could lead to double recovery. Boehm's argument stems from the premise that he is only potentially liable under § 1595 for acts that occurred between December 19, 2003 and December 22, 2003, but that prior conduct would be relevant to Ditullio's claim for intentional infliction of emotional distress. Boehm cites a portion of Judge Singleton's order issuing preliminary jury instructions in a similar case (in which another of Boehm's victims sued for damages).[28] Judge Singleton stated that "[h]ere we have a private right of action [§ 1595], which Congress has specifically established to permit victims of juvenile sex trafficking to recover their damages caused by the abuser's conduct. Thus, it would seem that intentional infliction of mental anguish is redundant to [the plaintiff's] federal claim and adds nothing to her damage claim other than to confuse the issues."[29]

As defendant concedes, however, no consideration had been given in that case to the statute's effective date. In the case at bar, Ditullio can only recover under § 1595 for a three-day period. Consequently, there is very little overlap between her claim under that section and her claim for intentional infliction of emotional distress–the allegations against Boehm stem from March 2003 until December 22, 2003. Because there is only slight overlap, the possibility of double recovery is virtually eliminated. The court also sees very little possibility that the jury would be confused. The elements of a claim under § 1595 are different than the elements of a claim for intentional infliction of emotional distress. To the extent there might be some confusion, an instruction will suffice.

---

[28] *Purser v. Boehm*, 3:05-cv-85-JKS, doc. 228 at 7.

[29] *Id.*

## V. CONCLUSION

For the reasons above, defendant's motion for judgment on the pleadings pursuant to Rule 12(c) is **GRANTED** in part and **DENIED** in part as follows: Counts 1, 3, and 4 of plaintiff's amended complaint are **DISMISSED**. Plaintiff's request for leave to amend her complaint is **GRANTED**. If plaintiff intends to pursue Count 4, an amended complaint shall be filed within 14 days from the date of this order.

DATED this 9th day of May 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE