W. Sherman Ernouf
Law Offices of Ernouf & Coffey, P.C.
3606 Rhone Circle, Suite 110
Anchorage, Alaska 99508
(tel):  (907) 274-3385
(fax): (907) 274-4258
email: sernouf@eclawfirm.net

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| MIRANDA DITULLIO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEF F. BOEHM, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:09-CV-00113-JWS |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

In Defendant's motion for partial summary judgment it was anticipated that Plaintiff would proffer a sham affidavit in an effort to save her federal claim. In her opposition, Plaintiff has done exactly as predicted. Plaintiff's opposition is a completely contrived attempt to save the one remaining federal claim in this case. As such, Defendant's Motion for Partial Summary Judgment must be granted.

As of this filing, Plaintiff claims that her memory has been refreshed after viewing "documents" at her attorney's office. Her counsel suggests in his opposition that these same "documents" were provided to undersigned counsel.

Despite opposing counsel's assertions, these documents have never been provided to Defendant or to undersigned counsel, which is exactly why the documents are not provided as exhibits to Plaintiff's opposition. Simply put, they do not exist.

Plaintiff's affidavit is a sham. A party who has been deposed at length cannot create a genuine issue of fact by proffering an affidavit that contradicts her prior deposition testimony. Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) (citations omitted). Here, a simple reading of Plaintiff's deposition reveals she was asked several times and in several ways when she last had contact with Defendant. At deposition, Plaintiff claimed she last saw the Defendant when she was six months pregnant. Plaintiff was six months pregnant in late January 2004 at which time Defendant has been incarcerated nearly a month. This kind of story telling is not unusual for the Plaintiff. Plaintiff informed the Grand Jury in the United States v. Boehm criminal case that that last time she had seen the Defendant was "the summer of 2003."

However, here and now, Plaintiff is all of the sudden asking this Court to believe that she had contact with Defendant on December 19 and 20, 2003 since this might all of the sudden create a new genuine issue of fact. DiTullio Aff. ¶ 10. Plaintiff, however, was questioned about this time period at length in her deposition and cannot now retract those statements by offering up a new story and affidavit. Plaintiff stated that on the night of December 19 and into the early morning hours of December 20 she was walking Spenard Road and was with her boyfriend/fiance when he was accused of raping a girl. Pl.'s Dep.

72:6-75:25, June 4, 2010. Plaintiff stated that the police came and investigated the matter. The record shows that the police responded at 4:10 A.M. Doc. 131, Exh. F. After the police left, Plaintiff's boyfriend proposed to her, she said "yes," and they spent the rest of the day (December 20) celebrating their engagement. Pl.'s Dep. 78:13-78:18.

Further, Plaintiff stated in her own words in unrelated APD interviews that she was living with her fiancé as a couple at the Royal Sweets Inn during the time period in question. Doc. 131, Exh F. Plaintiff told APD that on the night of December 19, she was out on Spenard Road and ran into a woman she knew named Brandy. Doc 131, Exh F. After telling Plaintiff she was unhappy with her living situation, Brandy was invited by Plaintiff back to Plaintiff's residence. Doc 131, Exh F. Plaintiff and Brandy then had a few drinks at which time Plaintiff decided to go to Williams Express (3727 Spenard Road) to buy cigarettes. Doc 131, Exh F. When Plaintiff returned, she saw her fiancé receiving oral sex from the alleged victim. Doc 131, Exh F. Plaintiff was so upset that she walked up to the Chevron Station (3608 Minnesota Drive) to calm down. Doc 131, Exh F. According to the APD report of the incident, APD arrived at the residence at about 4:00 a.m. on December 20. Logically and factually it follows that all of the activity reported by Plaintiff to the Police and embodied in the APD report occurred on the evening of the 19th and continued into the early morning hours of the 20th.

Clearly, it is impossible to conceive of a factual question here since Plaintiff is asking this Court to now believe that at the same time she was

Page 3 of 5

Case 3:09-cv-00113-JWS   Document 145   Filed 07/20/12   Page 3 of 5

72:6-75:25, June 4, 2010. Plaintiff stated that the police came and investigated the matter. The record shows that the police responded at 4:10 A.M. Doc. 131, Exh. F. After the police left, Plaintiff's boyfriend proposed to her, she said "yes," and they spent the rest of the day (December 20) celebrating their engagement. Pl.'s Dep. 78:13-78:18.

Further, Plaintiff stated in her own words in unrelated APD interviews that she was living with her fiancé as a couple at the Royal Sweets Inn during the time period in question. Doc. 131, Exh F. Plaintiff told APD that on the night of December 19, she was out on Spenard Road and ran into a woman she knew named Brandy. Doc 131, Exh F. After telling Plaintiff she was unhappy with her living situation, Brandy was invited by Plaintiff back to Plaintiff's residence. Doc 131, Exh F. Plaintiff and Brandy then had a few drinks at which time Plaintiff decided to go to Williams Express (3727 Spenard Road) to buy cigarettes. Doc 131, Exh F. When Plaintiff returned, she saw her fiancé receiving oral sex from the alleged victim. Doc 131, Exh F. Plaintiff was so upset that she walked up to the Chevron Station (3608 Minnesota Drive) to calm down. Doc 131, Exh F. According to the APD report of the incident, APD arrived at the residence at about 4:00 a.m. on December 20. Logically and factually it follows that all of the activity reported by Plaintiff to the Police and embodied in the APD report occurred on the evening of the 19th and continued into the early morning hours of the 20th.

Clearly, it is impossible to conceive of a factual question here since Plaintiff is asking this Court to now believe that at the same time she was

Page 3 of 5

Case 3:09-cv-00113-JWS   Document 145   Filed 07/20/12   Page 3 of 5

72:6-75:25, June 4, 2010. Plaintiff stated that the police came and investigated the matter. The record shows that the police responded at 4:10 A.M. Doc. 131, Exh. F. After the police left, Plaintiff's boyfriend proposed to her, she said "yes," and they spent the rest of the day (December 20) celebrating their engagement. Pl.'s Dep. 78:13-78:18.

Further, Plaintiff stated in her own words in unrelated APD interviews that she was living with her fiancé as a couple at the Royal Sweets Inn during the time period in question. Doc. 131, Exh F. Plaintiff told APD that on the night of December 19, she was out on Spenard Road and ran into a woman she knew named Brandy. Doc 131, Exh F. After telling Plaintiff she was unhappy with her living situation, Brandy was invited by Plaintiff back to Plaintiff's residence. Doc 131, Exh F. Plaintiff and Brandy then had a few drinks at which time Plaintiff decided to go to Williams Express (3727 Spenard Road) to buy cigarettes. Doc 131, Exh F. When Plaintiff returned, she saw her fiancé receiving oral sex from the alleged victim. Doc 131, Exh F. Plaintiff was so upset that she walked up to the Chevron Station (3608 Minnesota Drive) to calm down. Doc 131, Exh F. According to the APD report of the incident, APD arrived at the residence at about 4:00 a.m. on December 20. Logically and factually it follows that all of the activity reported by Plaintiff to the Police and embodied in the APD report occurred on the evening of the 19th and continued into the early morning hours of the 20th.

Clearly, it is impossible to conceive of a factual question here since Plaintiff is asking this Court to now believe that at the same time she was

walking on Spenard Road and bringing friends back to her residence for late night cocktails, reporting a rape, and then getting married to her fiancé, that she was also with the Defendant in another hotel room being sexually abused herself. Plaintiff's new twist on her story is a fabricated sham which does not comport with the clear facts of this case as documented in the police reports and confirmed by Plaintiff's sworn statements at deposition prior to the instant motion which called the Plaintiff's whole federal claim into question.

However, despite the wealth of evidence and her own statements to the contrary, Plaintiff is now contradicting her sworn testimony by filing a self-serving affidavit – a thinly veiled last-ditch effort to save her federal claim. This is not happenstance. Indeed, it is hardly a surprise given that her own expert has alleged that she has been "magnifying or exaggerating" her problems in an effort to enhance her claims against Defendant. As such, there are no factual questions regarding Plaintiff's whereabouts on December 19 and 20 and Defendant is entitled to judgment as a matter of law. Plaintiff still has other state claims she has just raised in her recently amended complaint, but at this time, Defendant is entitled to partial summary judgment relative to Plaintiff's U.S.C. Section 1595 claims. Plaintiff has no claims under U.S.C. 1595 and Plaintiff's sham affidavit should not be permitted to all of the sudden create a new factual issue keeping those claims alive. Plaintiff's affidavit submitted with her opposition does not do so and should not be given any credence whatsoever. Defendant's motion for partial summary judgment must be granted.

Page 4 of 5

Case 3:09-cv-00113-JWS   Document 145   Filed 07/20/12   Page 4 of 5

Lastly, Plaintiff, as if to foreshadow the ruling of this Court on the instant motion, contends that this Court may continue to exercise supplemental jurisdiction over the remaining state law claims, but Plaintiff is in error. <u>See</u> Fed. R. Civ. Pro. 12(h)(3). Should the Court wish to entertain further briefing on the matter of supplemental jurisdiction, counsel for Defendant would gladly provide such a brief.

Dated at Anchorage, Alaska this 20th day of July, 2012.

s/ W. Sherman Ernouf<br>
Law Offices of Ernouf & Coffey, P.C.<br>
3606 Rhone Circle, Suite 110<br>
Anchorage, Alaska 99508<br>
(tel): (907) 274-3385<br>
(fax): (907) 274-4258<br>
email: sernouf@eclawfirm.net<br>
Alaska Bar No. 9806026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2012, a copy of the foregoing was served electronically on Daryl L. Jones, Esquire.

s/ W. Sherman Ernouf